```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**SUSAN BASS,**

    **Movant,**

**v.**                                          **CASE NO. 2:06-cr-00205**
                                                **CASE NO. 2:08-cv-01001**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (document # 74, "Motion"). This action was referred to the undersigned by Standing Order for submission of proposed findings and recommendation for disposition.

Movant, Susan Bass ("Defendant"), is serving a sentence of 78 months, upon her guilty plea to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), to be followed by a five-year term of supervised release. (Judgment in a Criminal Case entered August 17, 2007, # 66, sentence reduced from 97 months by Order entered March 18, 2009, # 83.) Defendant forfeited currency in the amount of $10,000 (# 64). She did not take a direct appeal.

The § 2255 Motion was filed with the Clerk on August 14, 2008. Accordingly, Defendant's Motion was timely filed. She filed a

memorandum in support of her Motion on October 3, 2008 (# 78). The United States filed a Response (# 82), supported by a declaration by Defendant's retained attorney, Mark McMillian (# 82-2), and the transcripts of her guilty plea hearing (# 82-4) and sentencing (# 82-3).

Facts of the Case and Procedural History

The facts are set forth in Defendant's presentence report ("PSR"). It states that Defendant made two monitored and controlled sales of crack cocaine to a confidential informant, one on February 23, 2006 and one on March 1, 2006. (PSR, ¶¶ 10-11, at 4.) A State search warrant for her residence was obtained and executed on March 2, 2006. Five containers of crack cocaine, with a total weight of 5.15 grams, digital scales, three rifles, two revolvers and a loaded 9mm handgun were seized. Id., ¶¶ 12, 14 at 4-5. Defendant was indicted by a federal grand jury on October 3, 2006; she was arrested on October 12, and a quantity of crack cocaine was found in the pocket of her shirt. Id., ¶ 13, at 4.

Defendant made an initial appearance and was released on bond (## 7, 8). On the day of her arrest and while on bond, Defendant's urine screens were positive for cocaine four times. (PSR, ¶ 39, at 8.) On December 4, 2006, the presiding District Judge denied Defendant's motion to suppress (# 32). A superseding indictment was returned on December 5, 2006 (# 34). On December 6, 2006, Defendant signed a plea agreement, and on December 11, 2006, she

entered her guilty plea (## 47-48, 50). The presiding District Judge allowed her to remain on bond until December 18, 2006, so that she might put her affairs in order; however Defendant absconded from supervision and failed to report as ordered (# 50). Defendant was arrested on March 17, 2007, in Houston, Texas (# 61). On August 9, 2007, sentence was imposed (# 65), and on August 17, 2007, judgment was entered (# 66).

Grounds for Relief

Defendant raises the following grounds for relief:

A. Ground one: Ineffective assistance of counsel. Counsel led me to believe that I was going to trial.

B. Ground two: Ineffective assistance of counsel. Coerced me into signing a plea agreement by making false promises.

C. Ground three: Ineffective assistance of counsel. Refused mental evaluation as requested by me, due to duress.

D. Ground four: Conviction obtained by plea of guilty which was unlawfully induced with no understanding of the nature. I did not understand what I was writing or signing when I signed my plea agreement.

(Motion, # 74, at 4-8.)

In the memorandum filed in support of the Motion (# 78), Defendant makes the following assertions:

- Her attorney told her she would receive a three-year sentence if she pled guilty, and a twenty-year sentence if she went to trial.
- She accepted the plea agreement in a timely manner but she did not receive a downward adjustment for acceptance of responsibility.
- When she tried to answer whether promises or threats were made to her to induce her plea, her attorney stopped her.

- She was not advised of the circumstances and consequences of her plea.
- She was told that she would not receive an enhanced sentence based on the firearms and that she would receive a reduced sentence based on her cooperation, but the opposite occurred.
- Her attorney failed to investigate the circumstances of the guns which were solely for hunting and had nothing to do with the drugs.

The United States contends that Defendant waived ground four by failing to take a direct appeal, and that her claim that her guilty plea was involuntary should be dismissed based on the holding in United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). (# 82, at 4, 10-12.) The government argues that Defendant has failed to demonstrate that she received ineffective assistance of counsel at any stage of the criminal proceedings against her. Id. at 5-9. In support of its position, the government filed a lengthy and detailed declaration of Defendant's retained counsel, Mark McMillian, which refutes Defendant's allegations point-by-point. (# 82-2).

## **ANALYSIS**

All of Defendant's grounds for relief are based on the underlying assertion that her guilty plea was not entered knowingly and voluntarily. The assertions in her memorandum are directly contradicted by her sworn statements at her guilty plea hearing, which was a lengthy and comprehensive proceeding (# 82-4). Even her assertion that she wanted to tell the court about threats and promises made to her, but her attorney stopped her, is false. The plea transcript reveals that when she was questioned about threats

4

or promises, she assured the court that none was made (# 83-4, at 29). The only recess that was taken was for Defendant and her attorney to discuss the quantity of crack cocaine which was seized from her residence on March 2, 2006. Id. at 32-34. Defendant's lack of credibility is highlighted by her statement to the court at the end of her guilty plea hearing. Despite having three post-release urine screens which were positive for cocaine, she denied purchasing or using cocaine.

> Somehow I'm getting exposed to it and I don't know how. I don't know – I'm afraid it's in my house. I've been trying to clean, but I – I don't know if somebody has maybe hid some or something in something that I'm using, but I have not been purchasing and I have not been using. I don't know why I'm showing positive.

(# 82-4, at 39.) Defendant then assured the court that she was not a flight risk. Id.

**Grounds One, Two and Three: Effective Assistance of Counsel**

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. Id., at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id., at 688-89.

In order to meet the first prong, movant must identify

> the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id., at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Id., at 697. In the context of a case in which a defendant pled guilty, [s]he must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

Defendant's complaints about her attorney fail to meet the exacting Hill v. Lockhart standard that she would have insisted on going to trial. Defendant does not suggest in any way that she is innocent; rather it appears that she is attempting to establish that a promise was made to her about her sentence. This assertion

6

is not credible because her plea agreement specifically noted that she faced a minimum mandatory imprisonment of five years (# 48, at 2.)

The undersigned proposes that the presiding District Judge **FIND** that Defendant has failed to show that she was denied effective assistance of counsel in any respect.

### Ground four - Voluntariness of the plea

The undersigned concurs with the United States that Defendant's claim that her guilty plea was not knowing and voluntary should be considered in light of the many rulings, like United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), which emphasize the importance of relying on a defendant's sworn statements at a guilty plea hearing. As noted in Lemaster,

> "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,'" [United States v. White, 366 F.3d 291] at 295 [(4th Cir. 2004)] (quoting Blackledge [v. Allison, 431 U.S. 63] at 74 [(1977)], because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" White, 366 F.3d at 295-96 (quoting Blackledge, 431 U.S. at 74). Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." [Citation omitted.]

Id.

After careful review of Defendant's plea agreement, sworn

statements at the Rule 11 hearing, and sentencing transcript, the undersigned proposes that the presiding District Judge **FIND** that, consistent with the holding in White, 366 F.3d at 296, Defendant's allegations are so "palpably incredible, so patently frivolous or false" as to warrant summary dismissal.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant and to transmit it to counsel of record.

December 4, 2009
      Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge